# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of ) | |
| Three USPS Priority Mail Express parcels, as ) | Case No. **2:24-MJ-02370** |
| described more fully in Attachment A. ) | |
| ) | |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

*See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution and possession with intent to distribute a controlled substance |
| 21 U.S.C. § 846 | Conspiracy to distribute or possess with intent to distribute a controlled substance |
| 21 U.S.C. § 843(b) | Unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance |

The application is based on these facts:

*See attached Affidavit*

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (*give exact ending date if more than 30 days*: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ Trent Tully*
_____
Applicant's signature

Trent A Tully, USPIS TFO
_____
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

_____
Judge's signature

City and state: Los Angeles, CA                Hon. Charles F. Eick, U.S. Magistrate Judge
_____
Printed name and title

AUSA: Joseph De Leon (x7280)

**ATTACHMENT A**

PARCELS TO BE SEARCHED

The following The United States Postal Service ("USPS") Priority Mail parcels seized on March 27, 2024, at the San Bernardino Processing and Distribution Center located in Redlands, California, and currently in United States Postal Inspection Service ("USPIS") custody located at 390 W Fifth St., San Bernardino, California:

a.  SUBJECT PARCEL 1 is a USPS Priority Mail parcel with tracking label number 9505 5152 6007 4086 7063 49, weighing approximately two pounds 14.70 ounces, with a return address of "Vanessa Garcia 1158 W. 48th St San Bernardino CA 92407" and a recipient address of "Alex Love Apt. 1 3719 S. Indianapolis Ave Tulsa OK 74125."

b.  SUBJECT PARCEL 2 is a USPS Priority Mail parcel with tracking label number 9505 5154 5423 4086 8828 95, weighing approximately three pounds 3.40 ounces, with a return address of "Judith Lee 1027 S. Wayside St. Anaheim CA 92804" and a recipient address of "Kyle Stanton 360 24th ST. NW Apt 523 Winter HAVEN FLORIDA 33880."

c.  SUBJECT PARCEL 3 is a USPS Priority Mail parcel with a tracking label number 9505 5138 1112 4086 6769 07, weighing approximately ten pounds 2.8 ounces, with a return address of "Terry Walker 16267 Dianthus AVE Fontana, CA, 92335" and a recipient address of "Charlie Wright 1628 s. 31st Street Louisville, Ky, 40211."

**ATTACHMENT B**

ITEMS TO BE SEIZED

The following are to be seized from the parcels described in Attachment A, which constitute evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (distribution of, and possession with intent to distribute, a controlled substance); 846 (conspiracy to distribute, or possess with intent to distribute, a controlled substance); and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance):

  a. Any controlled substances, including marijuana;

  b. Currency, money orders, bank checks, or similar monetary instruments in quantities over $1,000; and

  c. Parcel wrappings used to conceal items described in (a) and/or (b).

**AFFIDAVIT**

I, Trent Tully, being duly sworn, declare and state as follows:

## I.  **PURPOSE OF AFFIDAVIT**

1.  This affidavit is made in support of an application for a warrant to search the following United States Postal Service ("USPS") Priority Mail Express parcels (collectively, the "SUBJECT PARCELS"), as described more fully in Attachment A, currently in the custody of the United States Postal Inspection Service ("USPIS") located at the US Post Office, 390 W Fifth St., San Bernardino, California 92402:

    a.  A USPS Priority Express Mail parcel with tracking number 9505 5152 6007 4086 7063 49, with a return address of "Vanessa Garcia 1158 W. 48th St San Bernardino CA 92407" and a recipient address of "Alex Love Apt. 1 3719 S. Indianapolis Ave Tulsa OK 74125," and postmarked on March 26, 2024 in the 92407 zip code ("SUBJECT PARCEL 1");

    b.  A USPS Priority Express Mail parcel with tracking number 9505 5154 5423 4086 8828 95, with a return address of "Judith Lee 1027 S. Wayside St. Anaheim CA 92804" and a recipient address of "Kyle Stanton 360 24th ST. NW Apt 523 Winter HAVEN FLORIDA 33880," and postmarked on March 26, 2024 in the 92509 zip code ("SUBJECT PARCEL 2"); and

    c.  A USPS Priority Express Mail parcel with tracking number 9505 5138 1112 4086 6769 07, with a return address of "Terry Walker 16267 Dianthus AVE Fontana, CA, 92335" and a recipient address of "Charlie Wright 1628 s. 31st Street

Louisville, Ky, 40211," and postmarked on March 26, 2024 in the 92316 zip code ("SUBJECT PARCEL 3").

2. The requested search warrant seeks authorization to seize fruits, instrumentalities, and evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Distribution of and Possession with Intent to Distribute a Controlled Substance), 846 (Conspiracy to Distribute, or Possess with Intent to Distribute, a Controlled Substance), and 843(b) (Unlawful Use of a Communication Facility, including the Mails, to Facilitate the Distribution of a Controlled Substance), as described more fully in Attachment B.

3. Attachments A and B are incorporated by reference.

4. The facts set forth in this affidavit are based on my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically said otherwise, all conversations and statements described in this affidavit are relayed in substance and in part only.

## II. TRAINING AND EXPERIENCE

5. I am a Task Force Officer ("TFO") with the USPIS, and I have been so employed since January of 2024.  I am currently assigned as a TFO to the Contraband Interdiction and Investigations South Team of the Los Angeles Division, which is responsible for investigating drug trafficking violations

2

involving the United States Mail. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. Before being assigned as a TFO with the USPIS, I worked patrol as a full-time sworn law enforcement officer with the Riverside County Sheriff's Office ("RSO"). I have been a sworn law enforcement officer since January 2011. I am a Police Officer within the meaning of Section 830.1 of the California Penal Code.

6. I have received training and have experience investigating violations of state and federal narcotics and money laundering laws, including, but not limited to, Title 21, United States Code, Sections 841, 846, 952, 959, and 963, and Title 18, United States Code, Section 1956(a). I am familiar with various electronic surveillance methods, techniques, and investigations, including state and federal wiretap investigations and the debriefing of informants and witnesses, as well as others who have knowledge of the manufacturing, distribution, transportation, storage, and importation of controlled substances and the laundering of drug proceeds.

7. I have participated in many aspects of drug trafficking investigations, including investigations into the smuggling of illegal drugs, and extortion concerning drug trafficking. I am familiar with narcotics traffickers' methods

of operation, including the manufacturing, storage, transportation, and distribution of narcotics, the collection of money that represents the proceeds of narcotics trafficking.  I am also familiar how narcotics traffickers transport and distribute narcotics in areas they control.  I am familiar with how drug traffickers use counter-surveillance techniques to avoid detection by law enforcement.  I also know that drug traffickers often communicate with their drug-trafficking associates through cellular telephones.  I am aware that more sophisticated drug trafficking networks now use the dark web, email, Blackberry devices, Voice Over Internet Protocol, video chat, internet messaging services, and social networking sites to communicate with one another.  During drug-related communications, traffickers often use coded or cryptic language to disguise the drug-related nature of their conversations.

### III. **SUMMARY OF PROBABLE CAUSE**

8. On March 27, 2024, during routine parcel inspections at the San Bernardino Distribution and Processing Center, I determined that each of the SUBJECT PARCELS met certain criteria common to packages containing contraband.  For instance, the SUBJECT PARCELS were mailed using USPS Priority Mail, lacked business account numbers, were all paid using cash, and the names of the senders and/or recipients did not appear in law enforcement databases as associated with some of the listed addresses.  Furthermore, a drug-detection dog alerted to each SUBJECT PARCEL.  The SUBJECT PARCELS are

4

therefore believed to contain controlled substances or the proceeds from the trafficking of controlled substances.

## IV. STATEMENT OF PROBABLE CAUSE

### A. Background on Use of Mails for Drug Trafficking

9. Based on my training and experience as a sworn law enforcement officer and TFO, and the experiences shared with me by fellow Postal Inspectors who specialize in drug investigations, I know the following:

   a. Postal Inspectors have been conducting investigations into drug trafficking via USPS Express Mail and Priority Mail since the mid-1980s. In the early 1990s, Postal Inspectors in Los Angeles, California, and surrounding regions began conducting organized interdictions of Priority Mail Express and Priority Mail parcels suspected of containing controlled substances and proceeds from the sale of controlled substances. Postal Inspectors also regularly examined and investigated Priority Mail Express and Priority Mail parcels. During the 1990s, Postal Inspectors observed that the trend was for drug traffickers to send controlled substances and proceeds from the sale of controlled substances, in the form of cash, using boxes.

   b. Although Postal Inspectors still see the use of boxes for controlled substances and cash, there has been a gradual change over the years toward the current trend of using smaller boxes, flat cardboard envelopes, and Tyvek envelopes, with proceeds from the sale of controlled substances converted to money orders. By using money orders, drug traffickers can

5

send large dollar amounts in compact form, using much smaller conveyances, which lend a sense of legitimacy to the parcel.

        c.    The San Bernardino County and Riverside County areas (collectively, the "Inland Empire") are a significant source area for controlled substances.  Controlled substances are frequently transported from the Inland Empire area via the United States Mail, and the proceeds from the sale of controlled substances are frequently returned to the Inland Empire area via the United States Mail.  These proceeds are generally in the form of money orders, bank checks, or similar monetary instruments in an amount over $1,000.  Based on my training and experience, I know that proceeds from the sale of controlled substances often contain the odor of controlled substances because they have been contaminated with or associated with the odor of one or more controlled substances.

        d.    Drug traffickers often use one of two USPS services: Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three-day delivery mail product.  Drug traffickers use the Priority Mail Express delivery service because of its speed, reliability, and the ability to track the article's progress to the intended delivery point.  Drug traffickers use the Priority Mail delivery service because it allows drug traffickers more time for travel between states if they decide to follow a shipment to its destination for distribution.  Also, by adding delivery confirmation to a Priority Mail parcel, drug traffickers have the ability to track

the article's progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail Express Service.

10. Based on my training and experience, and the collective experiences shared with me by fellow Postal Inspectors who specialize in investigations involving the mailing of controlled substances and proceeds from the sale of controlled substances, I know that the following indicia suggest that a parcel may contain drugs or drug trafficking proceeds:

    a. The parcel is contained in a box, flat cardboard mailer, or Tyvek envelope.

    b. The parcel bears a handwritten label, whether USPS Priority Mail Express or Priority Mail.

    c. The handwritten label on the parcel does not contain a business account number.

    d. The seams of the parcel are all taped or glued shut.

    e. The parcel emits a particular odor of a cleaning agent or adhesive or spray foam that can be detected by a human; and

    f. Multiple parcels are mailed by the same individual, on the same day, from different locations.

11. Parcels exhibiting some of these characteristics are the subject of further investigation, which may include verification of the addressee and return addresses and examination by a trained drug detection dog.

12. I know from my experience and training that drug traffickers often use fictitious or incomplete names and/or

addresses in an effort to conceal their identities from law enforcement officers investigating these types of cases and suspicious parcels. Indeed, it is my experience that to the extent real addresses are ever used it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

### B. Initial Investigation of the SUBJECT PARCELS

13. On March 27, 2024, during routine parcel inspections at the San Bernardino Distribution and Processing Center, I determined that the SUBJECT PARCELS met some of the initial suspicious characteristics as described above. Specifically, the SUBJECT PARCELS were mailed using USPS Priority Mail, and they did not contain business account numbers and were all paid using cash. Based on my prior investigations related to subjects shipping narcotics through the United States Postal Service, I am aware the shipper often pays cash with hopes of disassociating themselves from the parcel.

14. On March 27, 2024, I used law enforcement and open-source databases to look up the return and recipient addresses listed on the SUBJECT PARCELS and determined the following:

   a. SUBJECT PARCEL 1 is a USPS Priority Mail parcel with tracking label number 9505 5152 6007 4086 7063 49, weighing approximately two pounds 14.70 ounces, with a return address of "Vanessa Garcia 1158 W. 48th St San Bernardino CA 92407" and a recipient address of "Alex Love Apt. 1 3719 S. Indianapolis Ave Tulsa OK 74125." According to law enforcement database records, the return address is valid but is not associated with the name

8

"Vanessa Garcia," and the recipient address is valid but is not associated with the name "Alex Love."

      b.    SUBJECT PARCEL 2 is a USPS Priority Mail parcel with tracking label number 9505 5154 5423 4086 8828 95, weighing approximately three pounds 3.40 ounces, with a return address of "Judith Lee 1027 S. Wayside St. Anaheim CA 92804" and a recipient address of "Kyle Stanton 360 24th ST. NW Apt 523 Winter HAVEN FLORIDA 33880." According to law enforcement database records, the return address is valid but is not associated with the name "Judith Lee," and the recipient address is valid but is not associated with the name "Kyle Stanton." Additionally, according to law enforcement database records, there was a prior seizure at the recipient address of approximately 1,644 grams of marijuana from an incoming USPS parcel on January 31, 2023.

      c.    SUBJECT PARCEL 3 is a USPS Priority Mail parcel with tracking label number 9505 5138 1112 4086 6769 07, weighing approximately ten pounds 2.8 ounces, with a return address of "Terry Walker 16267 Dianthus AVE Fontana, CA, 92335" and a recipient address of "Charlie Wright 1628 s. 31st Street Louisville, Ky, 40211." According to law enforcement database records, the return address is valid but is not associated with the name "Terry Walker," and the recipient address is valid, but is not associated with the name "Charlie Wright." Additionally, according to law enforcement database records, there was a prior seizure at the recipient address of approximately 896 grams of marijuana from an incoming USPS parcel on March 23, 2023.

**C.     Drug-Detection Dog Alerts to the SUBJECT PARCELS**

15.     On March 27, 2024, based on the suspicious characteristics of the SUBJECT PARCELS that I observed, I requested that Department of State Hospitals-Patton Police Department Officer John Jessup have his trained narcotics detection dog, "Nico", examine the exterior of the SUBJECT PARCELS.  Attached to my affidavit as Exhibit 1, and incorporated by reference, is a true and correct copy of the information provided to me by Officer Jessup regarding Nico's training and history in detecting controlled substances and the alerts on the SUBJECT PARCELS.

16.     To examine the SUBJECT PARCELS, I placed the SUBJECT PARCELS in an area where Officer Jessup could perform a canine sniff with Nico.  During the examination portion, I also placed three blank parcels (dummy parcels) out at that time.

17.     I learned from Officer Jessup that Nico gave a positive alert to each of the SUBJECT PARCELS separately, indicating the presence of controlled substances or other items, such as the proceeds of controlled substances, which emitted the odor of controlled substances.

//

//

## V. CONCLUSION

18. For the reasons set forth in this affidavit, there is probable cause to believe that the SUBJECT PARCELS, as described in Attachment A, contain evidence, fruits, and instrumentalities of violations of the SUBJECT OFFENSES, as described in Attachment B.

Attested to by the applicant in
accordance with the requirements of
Fed. R. Crim. P. 4.1 by telephone
on this ___ day of April 2024.

_____
THE HONORABLE CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

**EXPERTISE OF AFFIANT**

I, Officer John Jessup #5043, I am a Police Officer with the Department of State Hospitals-Patton Police Department. I have been employed since August of 2017. I attended the Office of Protective Services Academy where I was given instruction in basic investigations, crimes against persons, crimes against property, and narcotic/controlled substance identification. I have conducted numerous investigations involving violent crimes, assaults, narcotic crimes, and sex crimes. I have been involved in well over 150 investigations involving, thefts, crimes against persons, assault on person, and narcotics sales and possession.

Contraband and Interdiction Team: June 2020 to present.
In June 2020, I was assigned to the Contraband and Interdiction Team (C&I) Team. I was assigned as a Narcotics K9 handler in June 2020. While assigned to the C&I Team, I have participated in numerous vehicle searches, mailroom, parcel searches, and unit searches.

NARCOTICS/CANINE EXPERTISE:
I have attended a 120-hour course at Vohne Liche Kennels in narcotics detection. I attend this course with my K9 partner Nico, a red and fawn Belgian Malinois. K9 Nico and I are a certified narcotics detection team through the California Narcotics Canine Association (CNCA) and The National Police Canine Association (NPCA). We attend monthly maintenance training sponsored by Vohne Liche Kennels, weekly training with the Inland Empire Police Canine Association and Nico and I train daily. Nico has given a positive alert over 800 times in searches where illegal narcotics have been located and/or seized. I have attended a 16-hour Scenario Based Detection Course through Echelon K9 in San Diego, CA., an 8-hour narcotic trends and interdiction in prisons hosted by Ontario Police Department and 36-hour narcotic trends and update course through the California Narcotics Officer Association (CNOA).

Additionally, I have received training in drug use, symptomatology, and recognition of narcotics. I have continued my education in areas of narcotic sales, trafficking, interdiction, and possession, along with dangerous controlled substances including marijuana, methamphetamine, heroin, cocaine, psilocybin(mushrooms), MDMA (Ecstasy), PCP (phencyclidine) and Fentanyl.

I have worked as a full time certified K9 handler since June 20, 2020. Since successfully completing K9 handler training, Nico is responsible for the seizure of over 120 pounds of marijuana, over 1700 pounds of methamphetamine, 20 pounds of heroin and 800,000 Fentanyl Pills.

On 03/27/2024, USPIS Task Force Officer Trent Tully requested that my narcotics detection K9 "Nico" and I assist in a narcotics parcel investigation. K9 "Nico" alerted to the odor of narcotics emitting from the following:

Parcel 1 USPS Parcel: 9505 5152 6007 4086 7063 49

Parcel 2 USPS Parcel: 9505 5154 5423 4086 8828 95

Parcel 3 USPS Parcel: 9505 5138 1112 4086 6769 07

On 03/27/2024, while conducting routine parcel inspection at the USPS facility located on Redlands Blvd. in Redlands, CA., parcels one through three were located and transported to the San Bernardino Post Office located at 390 W. Fifth St. San Bernardino CA 92402. The parcels were set on the ground with other like parcels and separated by approximately 4 to 6 feet. I ran my narcotics detection K9 "Nico" in the direction of the parcels. Upon reaching the parcels in question, K9 "Nico" sat and stared indicating a positive "alert", that the packages and/or the contents was saturated with the odor of illegal narcotics.

*John Jessup*
_____

Officer John Jessup

Patton State Hospital